IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC.,<br><br>              Plaintiff<br>v.<br><br>TROY INDUSTRIES, INC.,<br><br>              Defendant | Civil Action No. 1:10-cv-10761 |

## DEFENDANT'S ANSWER TO COMPLAINT AND AMENDED COUNTERCLAIMS

The defendant, Troy Industries, Inc. ("Troy") hereby answers the numbered paragraphs of the Complaint of plaintiff, Atlantic Research Marketing Systems, Inc. ("A.R.M.S."), as follows:

## THE PARTIES

1. Troy is without information sufficient to form a belief as to the truth of the matter asserted in paragraph 1, and therefore, denies same.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted that the Court has personal jurisdiction over Troy, but denies that Troy makes, sells, and offers to sell infringing products in Massachusetts.

5. Admitted.

## COUNT 1: PATENT INFRINGEMENT

6. Troy restates and incorporates by reference its answers to paragraphs 1-5 as though fully set forth herein.

7. Troy is without information sufficient to form a belief as to the truth of the matter asserted in paragraph 1, and therefore, denies same.

8. Admitted that Troy sells the BattleRail MRF but denies that it directly infringes any patent of plaintiff.

9. Denied.

10. Denied

11. Denied.

12. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of U.S. Patent No. 7,707,762 ("the '762 patent"), are invalid and/or unenforceable under 35 U.S.C. §§101, *et seq.*

### Second Affirmative Defense

Defendant has not infringed any claim of the '762 patent.

### Third Defense

Plaintiff has failed to state a claim under which relief can be granted.

### Fourth Defense

Plaintiff's claims are void for want of a case or controversy.

### Fifth Defense

Plaintiff's claims are barred by laches and/or estoppel.

## Sixth Defense

The '762 patent is unenforceable due to inequitable conduct, as detailed in paragraphs 13-19 herein.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff, Troy Industries, Inc., files these counterclaims against Plaintiff and Counterclaim Defendant Atlantic Research Marketing Systems, Inc. and respectfully state and allege as follows:

1. Counterclaim Plaintiff, Troy Industries, Inc., is a Massachusetts corporation with a principal place of business at 128 Myron Street, West Springfield, Massachusetts.

2. Counterclaim Defendant, A.R.M.S., is a Massachusetts corporation with a principal place of business at 230 West Center Street, West Bridgewater, Massachusetts.

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## COUNT I
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '762 PATENT)

5. Counterclaim Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

6. No product made, used, sold, offered for sale, or imported by the Counterclaim Plaintiff infringes the '762 patent.

7. An actual and justiciable controversy exists between Counterclaim Plaintiff and Counterclaim Defendant concerning alleged infringement of the '762 patent.

8. Counterclaim Plaintiff is entitled to a declaration that the '762 patent is not infringed by any product of Counterclaim Plaintiff.

## COUNT II

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '762 PATENT)

9. Counterclaim Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

10. The '762 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112, and/or other provisions of the Title 35 of the U.S. Code.

11. An actual and justiciable controversy exists between Counterclaim Plaintiff and Counterclaim Defendant concerning the invalidity of the '762 patent.

12. Counterclaim Plaintiff is entitled to a declaration that the '762 patent is invalid.

## COUNT III

## (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '762 PATENT)

13. Counterclaim Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

14. The '762 patent is unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office ("USPTO") during the prosecution of U.S. Application No. 11/296,099 (the "'099 application"), which Richard Swan ("Swan") filed on December 7, 2005 and which issued on May 4, 2010. Specifically, while prosecuting the '762 patent application, Swan was aware that products accused of infringement in this suit, Troy MRF

handguards, first went on sale more than one year prior to the filing date of the '099 application. This information is material to the patentability of the claims of the '099 application. The sale or offer for sale of a product that includes each claim limitation more than one year prior to the filing date of the application would render the claim anticipated; at a minimum, it would have been important to a reasonable examiner because the examiner would have had to determine whether U.S Provisional Application No. 60/641,694, from which the '762 patent claims priority, included an adequate written description of the claims of the '762 patent to justify giving the claims the benefit of the priority application's filing date. Mr. Swan did not disclose to the USPTO these prior sales and offers for sale.

15.     As separate and additional grounds for the unenforceability of the '762 patent because of inequitable conduct, Mr. Swan was a participant in previous litigation between A.R.M.S. and Troy in which A.R.M.S. accused the Troy MRF of infringing an unrelated Swan Patent, U.S. Re39,465 (the "'465 patent") (case no. 07-11576 (PBS) (the "Previous Litigation"). In the Previous Litigation, Swan was the principal witness for A.R.M.S. The '465 patent, which issued on January 16, 2007, is a reissue of Swan's U.S. 6,499,245 (the "245 patent"), which issued on December 31, 2002. Swan filed the '465 patent with the express purpose of obtaining broader claims than in the '245 patent. In the Previous Litigation, A.R.M.S. argued in claim construction briefing and at a Markman hearing that claims 31-36 of the '465 patent covered a free-floating handguard that attaches to a firearm solely by clamping to the barrel nut. The Court's May 5, 2009 Markman ruling found that claims 31-36 did cover a free-floating handguard that attaches to a firearm solely by clamping to the barrel nut. Each of these events occurred during the time period that Swan was prosecuting the '762 patent. Each of these events was material to the prosecution of the

'762 patent, because A.R.M.S. urged (and the Court ordered) a construction of the '465 claims designed to cover the very products that are accused in this litigation – A.R.M.S. is necessarily asserting that the claims of the '762 patent are co-extensive with those of the '465 patent, at least in so far as covering the same accused product. Despite Swan's knowledge of these material references, Swan did not disclose to the USPTO during the '762 patent prosecution (1) the '465 patent, (2) the Previous Litigation, (3) A.R.M.S.'s position in the claims construction briefing, or (4) the Court's May 5, 2009, Markman ruling. A reasonable examiner would have found each of these pieces of information important in determining the patentability of the '762 claims.

16. The duty of candor, which includes a duty to disclose to the USPTO all information known that is material to the issue of patentability, extends to all individuals associated with the filing and prosecution of the subject application, including the inventor(s), each attorney or agent that prepares or prosecutes the application, and every other person who is substantively involved in the preparation and prosecution of the applications and who is associated with the inventor or assignee. The failure of any such person to comply with the duty of candor is chargeable to the applicant for the patent.

17. The intent to deceive the USPTO can be inferred from the high materiality of these items and the knowledge of each of these items by the sole named inventor of the '762 patent, Richard Swan, as well as A.R.M.S. and both prosecution and litigation counsel for A.R.M.S. – prosecution counsel on the '762 patent, attended most of the hearings and actively participated in the Previous Litigation.

18. An actual and justiciable controversy exists between Counterclaim Plaintiff and Counterclaim Defendant concerning unenforceability of the '762 patent.

19. Counterclaim Plaintiff is entitled to a declaration that the '762 patent is unenforceable.

## COUNT IV

## (PATENT INFRINGEMENT)

21. Counterclaim Plaintiffs incorporate the allegations of the preceding paragraphs as if fully set forth herein.

22. Counterclaim Defendant has infringed, and is continuing to infringe, the Troy '451 patent by making, importing, selling, offering to sell, and/or using within the United States goods covered by one or more of the claims of the '451 patent.

23. Counterclaim Defendant has induced and contributed to infringement by others of the '451 patent, and has licensed others to do so by causing or aiding others to make, use, import, sell, and/or offer to sell goods covered by the '451 patent within the United States.

24. Counterclaim Defendant's infringement of the '451 patent is and has been willful, has caused and will continue to cause Counterclaim Plaintiffs to suffer substantial damages, and has caused and will continue to cause Counterclaim Plaintiffs to suffer irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Counterclaim Plaintiff requests that this Court:

a. declare that the '762 patent is not infringed by any product made, used, offered for sale, sold, or imported by the Counterclaim Plaintiff;

b. declare that the '762 patent is invalid;

c. declare that the '762 patent is unenforceable;

   d. enter a preliminary and permanent injunction enjoining Counterclaim Defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them or on their behalf, or acting in concert with them, from further infringement of the '451 patent; award Counterclaim Plaintiffs compensatory damages, costs, and interest for patent infringement;

   e. award Counterclaim Plaintiffs treble damages for the willful infringement of the '451 patent;

   f. award Defendant and Counterclaim Plaintiff its attorneys' fees and costs in this action; and

   g. grant to Defendant and Counterclaim Plaintiff such further relief as the Court deems just and proper.

## JURY DEMAND

Troy demands a trial by jury on all issues so triable.

Respectfully submitted,
TROY INDUSTRIES, INC.,
By Its Attorneys,

/s/ Damian R. LaPlaca
Damian R. LaPlaca (BBO No. 551369)
dlaplaca@donovanhatem.com
Two Seaport Lane
Boston, MA  02210
Telephone: (617) 406-4500
Facsimile: (617) 406-4501

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing ***Defendant's Answer to Complaint and Amended Counterclaims*** was filed through the ECF system and will be sent electronically to the registered participants, including those persons listed below, this 30th day of September, 2010:

Paul J. Hayes, Esquire
Paul J. Cronin, Esquire
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111

                                    /s/ Damian R. LaPlaca

01314669.DOC